NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FERMIN GONZALEZ, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 05-0429 (NLH) |
| v. | : | |
| CATHLEEN HAWKE, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

    FERMIN GONZALEZ, #46508-053
    F.C.I. Fort Dix
    P.O. Box 7000 West
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

    DOROTHY J. DONNELLY, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Attorney for Respondents

**HILLMAN, District Judge**

    Petitioner Fermin Gonzalez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his federal sentence by the Bureau of Prisons ("BOP"). The government filed an Answer opposing the Petition, together with certified copies of Petitioner's sentencing transcript and other documents. Petitioner filed a Reply. For the reasons expressed below, the Court dismisses the Petition.

## I. BACKGROUND

Petitioner challenges the refusal of the BOP to give him credit against his 114-month federal sentence for approximately 34 months that he served between his arrest on state charges on November 29, 1993, and his first federal sentencing on November 16, 1998. Petitioner argues that this period should be deducted from his sentence of 114 months, pursuant to 18 U.S.C. § 3585(b).

The essential facts are not in dispute. On November 29, 1993, law enforcement authorities from the State of New Jersey arrested Petitioner on state drug charges.[1] On August 22, 1995, the United States Attorney filed a federal indictment against Petitioner in the United States District Court for the Eastern District of New York charging Petitioner with federal narcotics crimes. See United States v. Gonzalez, Crim. No. 95-0721-TCP-23 (E.D. N.Y. filed Aug. 15, 1995). While Petitioner was in the custody of the State of New Jersey, Senior United States District Judge Thomas C. Platt issued a writ of habeas corpus ad prosequendum for Petitioner's appearance in his federal prosecution, which occurred on March 8, 1996. On June 2, 1998, Petitioner entered a guilty plea in the United States District Court for the Eastern District of New York, pursuant to a cooperation agreement, to conspiracy to distribute cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On November 16, 1998, Judge Platt sentenced Petitioner to a 156-month term of imprisonment, with credit for time served since March 8, 1996, the date of his first appearance in federal court. On January 5, 1999, Judge Platt issued an amended judgment, which also imposed a 156-month term

---

[1] Petitioner has been incarcerated since his arrest.

of imprisonment, but gave Petitioner credit for time served since his arrest on November 29, 1993.

Petitioner appealed to the United States Court of Appeals for the Second Circuit. On September 22, 1999, the Second Circuit vacated the sentence and remanded to the district court for resentencing. See United States v. Gonzalez, 192 F.3d 350 (2nd Cir. 1999). The Second Circuit determined:

> It appears that by ordering that Gonzalez be "given credit for time served from November 29, 1993," the district court intended that Gonzalez would serve a *total* of 156 months in prison on both the federal and state charges against him. In attempting to "backdate" the beginning of Gonzalez's sentence to the date of his New Jersey arrest, however, the district court exceeded its authority. "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir.1998); *see also* 18 U.S.C. § 3585(a) (1994) (providing that a sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served"). Gonzalez will, therefore, serve a sentence that is approximately 27 months longer than the district court apparently intended. The proper way to ensure that Gonzalez served a total of 156 months would have been for the court to increase the downward departure it granted him and sentence him to 129 months . . . .
>
> As both Gonzalez and the government request, we therefore vacate Gonzalez's sentence and remand to the district court for resentencing in accordance with this opinion.

Gonzalez, 192 F.3d at 353.

As Respondents note in the Answer, the Second Circuit appears to have made a mathematical error in computing Petitioner's sentence as 129 months. Although the time period

3

between Petitioner's arrest in November 1993 and his federal sentencing in November 1998 is 60 months, the Second Circuit opinion indicates that it is 27 months, and subtracts 27 months from 156 months to reach 129 months. As the following colloquy suggests, Judge Platt was aware of the discrepancy, but Petitioner's attorney does not mention it. Ultimately, Petitioner's attorney asks Judge Platt to deduct the 15-month period between the original sentencing date (November 16, 1998) and the second re-sentencing date (March 17, 2000), and to sentence Petitioner to 114 months without credit for prior custody. At the urging of his attorney, Petitioner waives his right to appeal the sentence, and Judge Platt sentences Petitioner to 114 months without prior custody credit and to begin on March 17, 2000.

> THE COURT: ... the Court of Appeals ... told me the sentence was 129 months as of the date of the original sentence and that's what I'm obliged to do, as I understand it. If I sentence him to 114 months now, they will say that I've done it without justification. I guess nobody will object, but I guess I'd have to backdate it until then.
>
> MR. RAMOS [Assistant U.S. Attorney]: I believe the application he's making that he be sentenced to 114 months.
>
> THE COURT: That I rescind the sentence that I made before?
>
> MR. NALVEN [Petitioner's attorney]: Judge, I want to make a statement on behalf of Mr. Gonzalez. We're only here because Your Honor tried to help him. I brought up during the sentence --
>
> THE COURT: I tried to help him and Mr. Roman. I say there is no point in my sentencing anymore because they will do it their way, not my way.
>
> MR. NALVEN: And we learned the mechanism that the Second Circuit prefers that Your Honor downwardly depart for time in state prison that will not be credited. Going under the Second Circuit's opinion, we believe you should take another 15 months off for the time he has been awaiting on the sentence.
>
> THE COURT: They don't believe, but I'll do it, provided you both guarantee you will not appeal.

MR. RAMOS: The government will not appeal.

THE COURT: What I'm troubled by is them saying you can't redo it.

MR. NALVEN: I want to put a note of finality on this case, Judge, and I want to make a statement on my client's behalf, Judge.

(Counsel confers with defendant through the interpreter.)

MR. NALVEN: Your Honor, I've had a chance to discuss this matter with the official court interpreter with Mr. Gonzalez and he has indicated that he has no intention of filing a notice of appeal, and his application is for Your Honor to take the 129 months, reduce it by the roughly 15 months that he has been sitting in a New Jersey county jail that he will not be credited for under the theory of the appeal in the original sentence, and we ask Your Honor to sentence him, therefore, to 114 months.

THE COURT: I will do so but I'm assuming "no intention" means he's waiving his right to appeal, yes?

MR. NALVEN: I'm sorry, Judge?

THE COURT: He's waiving his right to appeal?

MR. NALVEN: Judge, that is my intention.

THE COURT: Not intention, specifically waives his right to appeal from this amended sentence.

MR. NALVEN: I, based on Your Honor's direction, will not file a notice of appeal.

THE COURT: You'll be fired. The next step is you'll be fired and somebody else comes in and will say he was not waiving his right to appeal.

MR. NALVEN: (Addressing the defendant.) You are waiving your right to appeal?

THE DEFENDANT: Yes.

THE COURT: 114 months from today.

(Proceedings concluded.)

5

United States v. Gonzalez, Crim. No. 95-0721 (TCP) transcript of resentence at p. 4 line 7 to p. 6 line 17 (E.D. N.Y. March 17, 2000).

On March 17, 2000, a Second Amended Judgment was filed imposing a 114-month sentence, to begin on that date and without credit for time served. United States v. Gonzalez, Crim. No. 95-0721 (TCP) second amended. j. (E.D. N.Y. March 17, 2000). Petitioner did not appeal.

However, Petitioner filed a series of letters and motions in the sentencing court seeking credit for time served prior to November 16, 1998, his first federal sentencing date. Id. By letters to Judge Platt dated December 22, 2000, and October 27, 2002, Petitioner requested that Judge Platt credit him for time served prior to the imposition of the sentence. On March 24, 2003, Judge Platt denied Petitioner's request to amend the judgment, and on August 20, 2003, Judge Platt denied Petitioner's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). In a memorandum and order filed March 20, 2006, Judge Platt denied Petitioner's request to amend the judgment pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. On June 19, 2006, Judge Platt denied Petitioner's motion for Disposition and/or for Emergency Relief, dated June 4, 2006, requesting that the court amend the sentence nunc pro tunc.

In the meantime, on April 12, 2000, Petitioner appeared before the Superior Court of New Jersey, Law Division, Hudson County, for sentencing pursuant to Petitioner's guilty plea to one count of being a leader in narcotics trafficking. Superior Court Judge Barbara A. Curran entered a judgment of conviction on April 14, 2000, imposing a 20-year sentence, with a 10-year period

of parole ineligibility, with credit for time served from November 29, 1993, through April 12, 2000. On the same date, Judge Curran entered an Amended Judgment of Conviction providing:

> Motion for reconsideration of sentence Granted; defendant sentenced as follows: care and custody of Department of Corrections, (114) months; no period of parole ineligibility imposed; sentence to be served in Federal Facility; sentence to run concurrent and coterminous to 114-month Federal Sentence as of March 17, 2000; defendant to be transferred to Federal facility as soon as possible.

State v. Gonzalez, am. j. (Law Div. filed April 14, 2000). The amended judgment also gives Petitioner 2,327 days of jail credit from November 29, 1993, through April 12, 2000.

On July 5, 2002, New Jersey paroled Petitioner on his New Jersey sentence and federal authorities took petitioner into custody. The BOP calculated Petitioner's federal sentence as commencing on March 17, 2000, the re-sentencing date, and running for 114 months, without prior custody credit.

On April 7, 2004, Petitioner filed a Request for Administrative Remedy seeking credit against his 114-month sentence for time served prior to re-sentencing on March 17, 2000. On April 10, 2004, Warden C.J. DeRosa denied relief. Petitioner appealed to the Regional Director. On June 23, 2004, D. Scott Dodrill, Regional Director of the BOP, denied Petitioner's request to receive credit, pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971)[2], on the ground that Petitioner had received credit for this time by way of a sentence adjustment when he was re-sentenced on March 17, 2000. Petitioner appealed to the Central Office. In a decision dated August 9, 2004, Harrell Watts, National Inmate Appeals Administrator, issued a final administrative decision denying relief.

---

[2] See discussion infra p. 12.

Petitioner executed his § 2241 Petition on January 19, 2005. The Clerk received it on January 21, 2005. Petitioner argues that the BOP incorrectly calculated his sentence by failing to give him credit, pursuant to 18 U.S.C. § 3585(b), for the time he was incarcerated before November 16, 1998.

The BOP filed an Answer, accompanied by the declaration of Fernando J. Messer, Regional Inmate Systems Administrator for the Northeast Regional Office of the BOP, the transcript of March 17, 2000, and several documents. Respondents acknowledge that, when Petitioner was re-sentenced on March 17, 2000, to 114 months without jail credit, Petitioner did not receive full credit for the 60-month period between his arrest on November 29, 1993, and initial sentencing on November 16, 1998. However, the BOP maintains that it properly calculated Petitioner's sentence. The BOP asserts that it cannot give Petitioner credit under 18 U.S.C. § 3585(b) because this time was credited against his New Jersey sentence; it cannot award Petitioner "double credit" under Willis v. United States, 438 F.2d 923 (5th Cir. 1971), because no federal charges or detainers were pending prior to Petitioner's federal indictment on August 22, 1995; and it cannot designate the state prison nunc pro tunc under Barden v. Keohane, 921 F.2d 476 (1991), because the period at issue preceded Petitioner's initial federal sentencing. In his Reply to the Answer, Petitioner insists that the BOP misconstrued his argument, and he seeks credit under § 3585(b) for time spent in detention prior to sentencing on his federal case.

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

This Court has jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed his Petition and he asserts that the BOP violated federal law in calculating his sentence. See Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (where prisoner asserts that BOP failed to effectuate sentence, habeas remedy is appropriate); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing).

B. Challenge to BOP's Calculation of the Sentence

The Second Amended Judgment of March 17, 2000, sentenced Petitioner to a 114-month term of incarceration, to begin on March 17, 2000, and without credit for time served. The BOP calculated Petitioner's sentence as commencing on March 17, 2000, the date of re-sentencing, and running for 114 months, without prior custody credit under 18 U.S.C. § 3585(b).

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served. See 18 U.S.C. § 3585(a). Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. Section 3585 provides, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in

> custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

Section 3585(b) governs calculation of a federal sentence by the BOP, but § 3584 gives the sentencing court the power to impose a sentence that runs concurrent to a state sentence.

Section 3584 provides:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

> (c) Treatment of multiple sentence as an aggregate.--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002) (sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guideline § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving); Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000) (same).

The government correctly asserts that § 3585(b) does not allow the BOP to give Petitioner credit for custody prior to sentencing. The sentence imposed by the Superior Court of New Jersey gave Petitioner credit for the 77 months between his arrest on November 29, 1993, and his state sentencing on April 12, 2000. Because § 3585(b) authorizes the BOP to give a prisoner credit for time spent in detention prior to commencement of a federal sentence only if the time "has not been credited against another sentence," 18 U.S.C. § 3585(b), the BOP had no authority under § 3585(b) to award Petitioner credit for time he was detained prior to commencement of the sentence on July 5, 2002.[3] See Rios, 201 F.3d at 269 (section 3585(b) does not permit BOP to grant credit for time served that has been credited against defendant's state sentence). But to effectuate the sentencing order of Judge Platt, see 18 U.S.C. § 3584, the BOP calculated the 114-month sentence as commencing on March 17, 2000, the day it was imposed. See Ruggiano, 307 F.3d 121.

---

[3] Under § 3585(a), Petitioner's sentence would have commenced on July 5, 2002, the date he was taken into federal custody when he was paroled on his New Jersey sentence. See 18 U.S.C. § 3585(a).

11

As Respondents note, the BOP has limited authority to count custody time prior to commencement of the sentence that was also credited to a state sentence under the rulings of Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), and Willis v. United States, 438 F.2d 923 (5th Cir. 1971). In Barden, the Third Circuit granted Barden a writ of habeas corpus because the BOP mistakenly failed to recognize its power to designate a state facility nunc pro tunc as a place of federal confinement where the inmate could gain credit against his federal sentence for the time which the state ordered to run concurrently with the federal sentence. Unlike Petitioner, Barden sought credit for time served in state custody (and credited against a state sentence), **after** imposition of his federal sentence. Nunc pro tunc designation under Barden is not available for Petitioner because Petitioner seeks credit against his federal sentence for the 34 months he served in state custody **before** he was initially sentenced on November 16, 1998. Barden does not authorize the BOP to award credit for time in state custody prior to imposition of a federal sentence.

Similarly, the BOP did not have authority under Willis to award Petitioner the pre-sentencing credit he seeks. Willis filed a § 2241 petition seeking credit on his federal sentence for time spent in state custody prior to federal sentencing. The Fifth Circuit held that if petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense." Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted). Willis credit is not available to Petitioner in this case because nothing in the record indicates that Petitioner was denied release on bail by the Superior Court of New Jersey because a federal detainer was lodged against him.

12

C. Challenge to the Sentence

As explained above, the BOP properly implemented the 114-month sentence imposed on Petitioner, as beginning on March 17, 2000, and without prior credit for time served. As this Court reads the record, Petitioner will serve a total of 190 months (without deducting good conduct time) on both the state and federal charges against him.[4] And 190 months is approximately 34 months more than the 156-month total imposed by Judge Platt on January 5, 1999.[5] However, this Court lacks jurisdiction to entertain a challenge to imposition of the 114-month sentence under 28 U.S.C. § 2241, as a challenge to a sentence must be brought in the sentencing court under 28 U.S.C. § 2255.

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence under 28 U.S.C. § 2241 in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established 28 U.S.C. § 2255, whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

---

[4] Petitioner was arrested on November 29, 1993, and BOP records indicate that his full 114-month term will expire on September 16, 2009. (Public Information Data Sheet dated Aug. 1, 2005, for Fermin Gonzalez, Ex. A to decl. of Fernando J. Messer.) After deducting good conduct time, the BOP projects Petitioner to be released on June 26, 2008. (Id.)

[5] The second sentence imposed by Judge Platt on January 5, 1999, appears to be approximately 27.67 months less than the total sentence intended by Judge Platt when he initially sentenced the Petitioner on November 16, 1998, since the second sentence gave Petitioner additional credit for time served between November 29, 1993, and March 8, 1996. The reason for this apparent reduction in sentence is not clear from the record.

13

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in the sentencing court under 28 U.S.C. § 2255. See Davis, supra; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under 28 U.S.C. § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[6] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

---

[6] The "inadequate or ineffective" language was necessary because the Supreme Court held that, "the substitution of a collateral remedy [pursuant to 28 U.S.C. § 2255] which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

However, a § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In this case, Petitioner's challenge to his federal sentence under 28 U.S.C. § 2241 may not be entertained by this Court because a motion to vacate the sentence under 28 U.S.C. § 2255 is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Because the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking," § 2255 is not an inadequate or ineffective remedy for Petitioner and this Court lacks jurisdiction under § 2241 over a challenge to imposition of Petitioner's 114-month sentence. Leguillou, 212 F.2d at 684.

To summarize, this Court will dismiss the Petition because the BOP properly calculated Petitioner's 114-month sentence and this Court lacks jurisdiction to entertain a challenge to imposition of the 114-month sentence under § 2241.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. An appropriate order accompanies this Opinion.

*Noel L. Hillman*
NOEL L. HILLMAN, U.S.D.J.

Dated: *August 21*, 2006

At Camden, New Jersey